# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

<table>
<tr>
<td>

WESCO, INC., WESCO, INC. CAFETERIA PLAN AND EMPLOYEE BENEFIT PLAN, FRANKENMUTH BAVARIAN INN, INC., FRANKENMUTH BAVARIAN INN, INC. EMPLOYEE HEALTH BENEFIT PLAN & TRUST, OPUS PACKAGING GROUP INC., and OPUS PACKAGING GROUP HEALTH INSURANCE PLAN, on behalf of themselves and a class of all others similarly situated,

Plaintiffs,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

Defendant.

</td>
<td>

Civil Action No.: 1:26-cv-00895

Judge: Hon. Robert J. Jonker

Magistrate Judge: Ray Kent

**Oral Argument Requested**

</td>
</tr>
</table>

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR <u>FAILURE TO STATE A CLAIM</u>

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

STATEMENT OF ISSUES PRESENTED ................................................................. v

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. vi

INTRODUCTION .................................................................................................... 1

BACKGROUND ....................................................................................................... 3

LEGAL STANDARD .............................................................................................. 9

ARGUMENT .......................................................................................................... 11

    I.       PLAINTIFFS' CLAIMS ARE UNTIMELY ...................................... 11

            A.     Plaintiffs' SSP Prohibited Transaction and Fiduciary
Duty Claims Are Time-Barred .................................................. 12

            B.     The "Fraud or Concealment" Exception Does Not Apply ....... 14

            C.     Plaintiffs' Claims Are Untimely Under ERISA's Six-
Year Statute of Repose ............................................................. 15

    II.      THE AMENDED COMPLAINT SHOULD BE DISMISSED
BECAUSE IT DOES NOT PLEAD BREACHES OF
FIDUCIARY DUTY OR PROHIBITED TRANSACTIONS ........... 15

            A.     The Allegations Fail to Support a Claim Based on SSP
Recoveries ................................................................................ 15

            B.     The Allegations Fail to State a Claim for Breach of
Fiduciary Duty From Processing Errors ................................. 21

    III.    THE WESCO PLAINTIFFS' CLAIMS HAVE BEEN
RELEASED ..................................................................................... 22

CONCLUSION ....................................................................................... 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ankerman v. Am. Equity Mortg., Inc.*,
No. 1:08-CV-1103, 2009 WL 1212820 (W.D. Mich. Apr. 30, 2009) .............. 22

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................. *passim*

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................. *passim*

*In re Calpine Corp. ERISA Litig.*,
No. C 03-1685 SBA, 2005 WL 3288469 (N.D. Cal. Dec. 5, 2005) .................. 19

*Carrier Corp. v. Outokumpu Oyj*,
673 F.3d 430 (6th Cir. 2012) ........................................................................... 4, 7

*Cataldo v. U.S. Steel Corp.*,
676 F.3d 542 (6th Cir. 2012) ................................................................ 10, 11, 14

*DeBruyne v. Equitable Life Assurance Soc'y. of U.S.*,
920 F.2d 457 (7th Cir. 1990) ............................................................................. 21

*Diederichs v. FCA US LLC*,
No. 23-CV-11287, 2024 WL 5168087 (E.D. Mich. Dec. 19, 2024) ................. 11

*Dotson v. Arkema, Inc.*,
No. 08-CV-13118, 2009 WL 499149 (E.D. Mich. Feb. 26, 2009) ................... 22

*Dresden v. Detroit Macomb Hosp. Corp.*,
553 N.W.2d 387 (Mich. Ct. App. 1996) .......................................................... 22

*Dublin Eye Assocs. P.C. v. Mass. Mut. Life Ins. Co.*,
590 F. App'x 463 (6th Cir. 2014) ..................................................................... 15

*Fifth Third Bancorp v. Dudenhoeffer*,
573 U.S. 409 (2014) ..................................................................................... 9, 19

*In re Gen. Motors ERISA Litig.*,
No. 05-71085, 2006 WL 897444 (E.D. Mich. Apr. 6, 2006) ........................... 10

*Gortney v. Norfolk & W. Ry. Co.*,
    549 N.W.2d 612 (Mich. Ct. App. 1996) ............................................................... 22

*Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross
    Blue Shield of Mich.*,
    No. 24-1367, 2025 WL 2104569 (6th Cir. July 28, 2025) ................. vi, 2, 12, 13

*Greer v. Strange Honey Farm, LLC*,
    114 F.4th 605 (6th Cir. 2024).............................................................................. 16

*Hi-Lex Controls, Inc. v. Blue Cross Blue Shield of Mich.*,
    751 F.3d 740 (6th Cir. 2014).............................................................................. 14

*Intel Corp. Inv. Pol'y Comm. v. Sulyma*,
    589 U.S. 178 (2020) .............................................................................. vi, 11, 15

*Jiangbo Zhou v. Lincoln Elec. Co.*,
    No. 1:20-CV-00018, 2020 WL 2512865 (S.D. Ohio May 15, 2020)................... 4

*Michaelian v. Lawsuit Fin., Inc.*,
    No. 17-13321, 2019 WL 1281953 (E.D. Mich. Mar. 20, 2019)........................ 22

*Pettrey v. Enter. Title Agency, Inc.*,
    584 F.3d 701 (6th Cir. 2009).............................................................................. 22

*Rogers v. Stratton Indus., Inc.*,
    798 F.2d 913 (6th Cir. 1986)........................................................................... 7, 24

*Sanderson v. HCA-The Healthcare Co.*,
    447 F.3d 873 (6th Cir. 2006)................................................................... 16, 19, 20

*Senior Lifestyle Corp. v. Key Benefit Adm'rs, Inc.*,
    No. 1:17-cv-02457, 2020 WL 2039928 (S.D. Ind. Apr. 28, 2020) ................... 21

*Taylor v. Visteon Corp.*,
    149 F. App'x 422 (6th Cir. 2005) ................................................................. vi, 23

*Tiara Yachts, Inc. v. Blue Cross Blue Shield of Mich.*,
    138 F.4th 457 (6th Cir. 2025).......................................................... 5, 10, 14, 20

*Wolschlager v. Law Offices of Mitchell D. Bluhm & Assocs., LLC*,
    366 F. Supp. 3d 888 (W.D. Mich. 2017) ........................................................... 22

**Statutes**

29 U.S.C. § 1106 .................................................................................................. 7

29 U.S.C. § 1113(1) ....................................................................................... 11, 15

29 U.S.C. § 1113(2) ....................................................................................... 11, 12

**Other Authorities**

Fed. R. Civ. P. 8 ................................................................................................ 18

Fed. R. Civ. P. 9(b) ................................................................................... *passim*

Fed. R. Civ. P. 12(b)(1) .................................................................... v, 1, 7, 24

Fed. R. Civ. P. 12(b)(6) ........................................................................... v, 1, 5

## STATEMENT OF ISSUES PRESENTED

1. Whether the Court should dismiss Plaintiffs' Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs' claims are barred by the three-year statute of limitations applicable under the Employee Retirement Income Security Act of 1974 ("ERISA") or, in the alternative, because Plaintiffs fail to plead facts sufficient to state a plausible claim.

Answer: Yes.

2. Whether the Court should, in the alternative, dismiss the Wesco Plaintiffs' claims for lack of standing and subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because the Wesco Plaintiffs' claims were released.

Answer: Yes.

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atl. v. Twombly*, 550 U.S. 544 (2007)

*Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross Blue Shield of Mich.*, No. 24-1367, 2025 WL 2104569 (6th Cir. July 28, 2025)

*Intel Corp. Inv. Policy Comm. v. Sulyma*, 589 U.S. 178 (2020)

*Taylor v. Visteon Corp.,* 149 F. App'x 422 (6th Cir. 2005)

Blue Cross Blue Shield of Michigan ("BCBSM") respectfully submits this brief in support of its Motion to Dismiss the Amended Complaint filed by Plaintiffs under Rule 12(b)(6) for failure to state a claim and, as to Wesco and the Wesco Plan, also under Rule 12(b)(1) for lack of standing.[1]

## **INTRODUCTION**

BCBSM entered into an Administrative Services Contract ("ASC") with each of the Sponsors on behalf of the related Plans. Under each ASC, BCBSM processed claims submitted by health care providers for services rendered to the relevant Plan. In 2018, as part of these relationships and in connection with its claim processing services, BCBSM adopted a "Shared Savings Program" ("SSP") to combat excessive charges submitted by providers not contracted with BCBSM for health services rendered to Plaintiffs' employees. To administer this program, BCBSM charged 30% of any recoveries.

All of this was clearly disclosed to Plaintiffs. They nevertheless rely on this program as the linchpin for their fanciful theory that BCBSM has been concealing

---

[1]     Plaintiffs are Wesco, Inc. ("Wesco"), Frankenmuth Bavarian Inn, Inc. ("Bavarian Inn"), Opus Packaging Group Inc. ("Opus") (each of Wesco, Bavarian Inn, and Opus, a "Sponsor," and collectively, the "Sponsors"), Wesco, Inc. Cafeteria Plan and Employee Benefit Plan ("Wesco Plan"), Frankenmuth Bavarian Inn, Inc. Employee Health Benefit Plan & Trust ("Bavarian Inn Plan"), and Opus Packaging Group Health Insurance Plan ("Opus Plan") (each of the Wesco Plan, Bavarian Inn Plan, and Opus Plan, a "Plan," and collectively, the "Plans").

for years that it intentionally overpays claims through various mistakes it supposedly overlooks when processing claims for the Plans so that it can recover a portion of that overpayment for itself through the SSP.  The Amended Complaint then seeks to spin this speculation into prohibited transaction and breach of fiduciary duty claims under ERISA.  These claims should be dismissed for multiple independent reasons.

*First,* all of Plaintiffs' claims are time-barred.  The Sixth Circuit's recent decision in *Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross Blue Shield of Mich.*, No. 24-1367, 2025 WL 2104569 (6th Cir. July 28, 2025), makes this clear.  There, the Sixth Circuit held that ERISA's three-year statute of limitations barred a claim that BCBSM breached its fiduciary duty by not applying required rates for claims processed over several years because BCBSM had disclosed, more than three years before the plaintiff filed the complaint, that it could not apply the rates.  Here too, BCBSM disclosed the SSP and its terms more than three years ago: to Wesco and Bavarian Inn upon its implementation in 2018 and to Opus when Opus entered into the ASC in February 2022.

*Second*, the Amended Complaint fails to allege facts that—even if proven— would constitute a breach of fiduciary duty or prohibited transaction.  The Amended Complaint does not identify any SSP recovery that resulted from the supposed processing issues identified in the Amended Complaint.  Instead,

Plaintiffs allege the general presence of processing errors and then speculate that this *may* have led to SSP recoveries. Even more speculative—indeed nonsensical—Plaintiffs allege that BCBSM allowed these processing errors to continue because a third-party reviewing claims under the SSP might later recover a portion, and thereby entitle BCBSM to related fees. The Amended Complaint does not plead a single *fact* supporting this accusation and falls far short of meeting the particularity requirements of Rule 9(b), which apply because Plaintiffs allege—albeit baselessly—that BCBSM engaged in "systematic fraud."

Additionally, Wesco and the Wesco Plan lack standing because their claims have been released. At the end of Wesco's relationship with BCBSM, it released "any and all" claims arising from the parties' contractual relationship, which necessarily encompasses the claims asserted here.

The Court should dismiss this case in its entirety.

## **BACKGROUND**

### A.    The ASCs Between BCBSM and Plaintiffs

Wesco, Bavarian Inn, and Opus each sponsors their respective self-funded employee benefit healthcare plan—i.e., the Plans—and are obligated as a fiduciary for such Plan. ECF No. 23, PageID.253-255 ¶¶ 15, 22, 29.[2] Each entered into an

---

[2]    Solely for purposes of this motion to dismiss, BCBSM cites to and relies on the allegations in the Amended Complaint. BCBSM does not concede the accuracy

3

ASC on behalf of their respective Plan to engage BCBSM to provide

"administrative services associated with processing and paying medical claims."

*Id.* at PageID.257 ¶ 41.

Wesco entered its ASC in 2003 and renewed it until termination in 2022;

Bavarian Inn entered its ASC in March 2016[3] (or 2019, according to the Amended

Complaint) and renewed it through at least August 2025; and Opus entered its ASC

in February 2022 and renewed it until termination in early 2025. *Id.* at

PageID.260-261 ¶¶ 55–57.[4] Plaintiffs also allege that each putative class member

---

of any such allegations and specifically reserves its rights to contest the truth of any allegations.

[3]      The ASC, entered into in 2016, contradicts the allegation that Bavarian Inn entered into its ASC in 2019. *See* Exhibit A, 2016 Bavarian Inn ASC. As discussed below in note 4, the Court can consider the ASC because it is incorporated into the Amended Complaint. But even if this event happened in 2019, when the Amended Complaint alleges Bavarian Inn entered into its ASC, the claims would still be time-barred.

[4]      BCBSM attaches to this motion as Exhibits A–J the operative ASCs, relevant amendments, and schedules between BCBSM and Plaintiffs given that Plaintiffs rely on and incorporate the parties' contracts into the Amended Complaint. *See Carrier Corp. v. Outokumpu Oyj,* 673 F.3d 430, 441 (6th Cir. 2012) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.") (internal citation and quotation omitted); *Jiangbo Zhou v. Lincoln Elec. Co.*, No. 1:20-CV-00018, 2020 WL 2512865, at *4 (S.D. Ohio May 15, 2020) ("[T]he Sixth Circuit has taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6).") (citing *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001)); *see* ECF No. 23, Page ID.261 ¶ 58 ("Under each of the Class Representatives' ASCs, BCBSM

contracted with BCBSM to provide claims administration services to their self-funded benefit healthcare plans under the same or similar terms.  *Id.* at PageID.260, 283 ¶¶ 53, 147–48.

**B.     The SSP**

The SSP is a cost-savings program that combats excessive charges submitted by providers not contracted with BCBSM for health services rendered to Plaintiffs' employees.  *Id.* at PageID.274 ¶¶ 113.  As part of BCBSM's administrative services, BCBSM contracted with third parties for a variety of cost-containment programs, both pre- and post-claims payment, to identify potential savings for the group health plan.  *See Tiara Yachts, Inc. v. Blue Cross Blue Shield of Mich.*, 138 F.4th 457, 469 (6th Cir. 2025).  Rather than spreading SSP fees over the millions of claims payments, and with the Plaintiffs' express written agreement, BCBSM retained 30% of the amounts saved.  ECF No. 23 at PageID.274 ¶ 114.  If the SSP did not save any amount, no fee was charged to Plaintiffs.  *See id.* at PageID.274, 287, 289 ¶¶ 112–14, 160, 168.

Plaintiffs acknowledge that BCBSM disclosed the SSP to plan sponsors, including Plaintiffs.  *Id.* at PageID.277, 280 ¶¶ 126, 134.  Indeed, BCBSM plainly disclosed the SSP and its terms to Wesco and Bavarian Inn upon the SSP's

---

had discretionary authority and control over management and administration of each Class Representative's respective Plan[.]").

implementation in 2018, to and to Opus upon its entry into an ASC in February 2022. *See* Exhibit C (Wesco ASC Schedule A); Exhibit E (Bavarian Inn ASC Amendment dated 2018); Exhibit F (Bavarian Inn Schedule A); Exhibit I (Opus ASC Schedule A).

### C. The Wesco Plaintiffs' Termination and Release

The Wesco Plaintiffs terminated their relationship with BCBSM in December 2022. ECF No. 23 at Page ID.260 ¶ 55. Under the ASC applicable to the Wesco Plaintiffs, in May 2025, following the 24-month Termination Assistance Period, BCBSM issued a final settlement and refund to them. *See* Exhibit B at Art. IV § B.6; Exhibit K ("ASC Refund Summary").

The parties expressly agreed in the ASC that this final payment would "fully and finally settle, release, and discharge each party from any and all claims that are known, unknown, liquidated, non-liquidated, incurred-but-not-reported, adjustments, recoupments, receivables, recoveries, rebates, hospital settlements, and other sums of money due and owing between the parties and arising under" the ASC. Exhibit B at Art. IV § B.6. Similarly, the parties agreed in the ASC Refund Summary that this final payment would "fully and finally settle, release, and discharge each party from any and all claims that are known, unknown, liquidated, non-liquidated, incurred-but-not-reported, adjustments, recoupments, receivables,

recoveries, rebates, hospital settlements, and other sums of money due and owing between Group and BCBSM and arising under the" ASC.  Exhibit K.[5]

**D.     Plaintiffs' Amended Complaint**

Plaintiffs' Amended Complaint raises two causes of action under ERISA: (i) BCBSM allegedly engaged in prohibited transactions in violation of 29 U.S.C. § 1106, and (ii) BCBSM allegedly breached its fiduciary duties in connection with those transactions.  *See* ECF No. 23 at PageID.288-294 ¶¶ 164–83.

First, Plaintiffs allege that BCBSM engaged in prohibited transactions under ERISA through its SSP.  *See id.* at PageID.288-290 ¶¶ 164–74.  Plaintiffs allege that BCBSM enrolled self-funded plan customers in the SSP rather than fix its claims processing system, which, according to Plaintiffs, BCBSM allegedly knows "regularly" pays providers for claims that contain errors.  *Id.* at PageID.271-272 ¶ 101.  Plaintiffs allege that these errors include "duplicate bills, unbundled claims, upcoded claims or claims with the incorrect code billed" and are "non-exclusive

---

[5]     As discussed below, courts lack subject matter jurisdiction over released claims.  *See infra* Argument § III.  The Court thus can consider the ASC Refund Summary in connection with this motion to dismiss under Rule 12(b)(1).  *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915–16 (6th Cir. 1986).  The Court also can consider the ASC Refund Summary because the Wesco Plaintiffs' membership in the proposed class, *i.e.*, their standing to bring the claims asserted in the Complaint, is clearly "central" to the claims asserted in the Amended Complaint.  *See Carrier,* 673 F.3d at 441 ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.") (internal citation and quotation omitted).

examples of known errors presently existing in BCBSM's claims processing systems for its self-funded plan customers." *Id.* at PageID.271-272 ¶¶ 101–02. Plaintiffs speculate that BCBSM intentionally developed the SSP to "profit" from these processing errors and otherwise purposely overpaid providers so that BCBSM could then recover the payments through the SSP. *Id.* at PageID.275 ¶¶ 115, 118.

Second, Plaintiffs allege that BCBSM breached its fiduciary duties by mismanaging claims payments and then receiving fees from SSP recoveries. *See id.* at PageID.291-294 ¶¶ 175–83. Plaintiffs claim that BCBSM allows the "known" processing errors to continue so that it can profit from recoveries under the SSP. *Id.* at PageID.271-274 ¶¶ 101–02, 108, 111–12.

In this regard, the Amended Complaint alleges BCBSM employed a system known as "flip logic," which enabled full reimbursement of certain providers. *Id.* at PageID.270-271 ¶¶ 97–98. When individual beneficiaries seek care from certain out-of-territory providers with whom BCBSM and its partners have no relationship ("non-participating providers"), there is no negotiated rate. *See, e.g.*, Exhibit G at 17–18 (Bavarian Inn Schedule B); Exhibit J at 14–15 (Opus Schedule B). This means that the individual beneficiary—i.e., the patient—may receive a bill from that provider for the balance of the amount that is not covered by the Plan. To protect such beneficiaries from this "balance billing," the group benefit plans

specifically permit BCBSM to reimburse the non-participating provider for the full amount charged so that the provider does not then try to collect anything from the member. *See, e.g.*, Exhibit G at 17–18 (Bavarian Inn Schedule B); Exhibit J at 14–15 (Opus Schedule B). The Amended Complaint does not allege how the use of "flip logic" to implement this negotiated-for benefit breaches the ASC or could trigger a recovery under the SSP. Indeed, the benefit is entirely in the interests of the Plans' beneficiaries.

## <u>LEGAL STANDARD</u>

A motion to dismiss for failure to state a claim is "one important mechanism for weeding out meritless [ERISA] claims." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014). "[A] complaint does [not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or "labels and conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, a complaint must "possess enough heft" to establish "something beyond the mere possibility" of a violation. *Twombly*, 550 U.S. at 557–58.

Those standards are heightened here because the Amended Complaint sounds in fraud. Indeed, Plaintiffs allege—albeit baselessly—that "BCBSM has engaged in systematic fraud." ECF No. 23, PageID.281 ¶ 137.[6] Therefore, Plaintiffs must satisfy the heightened standard under Rule 9(b) and the Amended Complaint must include particularized allegations supporting their claims, including pleading the who, what, where and when details of their claims with specificity. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 551 (6th Cir. 2012) (quoting *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010)) ("Rule 9(b) . . . requir[es] plaintiffs to allege the time, place, and content"); *see also In re Gen. Motors ERISA Litig.*, No. 05-71085, 2006 WL 897444, at *16 (E.D. Mich. Apr. 6, 2006) (recognizing the applicability of Rule 9(b) to allegations sounding in fraud where the defendant allegedly lied "in the context of a fiduciary duty claim").

---

[6] *Compare Tiara Yachts, Inc.*, 138 F.4th at 467 (allegations did not sound in fraud where plaintiff did not "allege that it relied on any misrepresentations related to the SSP in continuing to do business with BCBSM" or allege that BCBSM "concealed the claims it was overpaying in the first place"), *with, e.g.*, Amended Complaint, ECF No. 23, PageID.281 ¶ 137 ("BCBSM has engaged in systematic fraud . . . concealing its overpayments upon which SSP fees were based . . . and misrepresenting the SSP . . . when it actually is . . . a ruse BCBSM uses to fleece its self-funded customers").

<u>**ARGUMENT**</u>

**I.   PLAINTIFFS' CLAIMS ARE UNTIMELY**

Breach of fiduciary duty and prohibited transaction claims under ERISA

must be brought within six years after the alleged breach or violation occurred.  29

U.S.C. § 1113(1).  This is referred to as ERISA's statute of repose.  *Intel Corp. Inv.*

*Pol'y Comm. v. Sulyma*, 589 U.S. 178, 180 (2020).  This period is shortened to

three years, however, when a plaintiff has "actual knowledge of the breach or

violation."  29 U.S.C. § 1113(2).  This is referred to as ERISA's statute of

limitations.  *Intel Corp.*, 589 U.S. at 181.

To satisfy the actual knowledge requirement, the plaintiff only needs to have

"knowledge of the facts or transaction that constituted the alleged violation; it is

not necessary that the plaintiff also have actual knowledge that the facts establish a

cognizable legal claim under ERISA in order to trigger the running of the statute."

*Diederichs v. FCA US LLC*, No. 23-CV-11287, 2024 WL 5168087, at *6 (E.D.

Mich. Dec. 19, 2024) (quoting *Wright v. Heyne*, 349 F.3d 321, 330 (6th Cir. 2003)).

While ERISA's statutes of limitation and repose are affirmative defenses, a court

can dismiss a complaint as untimely when those defenses are apparent from the

face of the complaint.  *See Cataldo*, 676 F.3d at 547–48.

Here, it is apparent from the face of the Amended Complaint that Plaintiffs

had actual knowledge of the alleged prohibited transactions and breaches of

fiduciary duty related to the SSP well over three years before this action was filed. The Amended Complaint should thus be dismissed in its entirety because it is untimely.

### A. Plaintiffs' SSP Prohibited Transaction and Fiduciary Duty Claims Are Time-Barred

The Amended Complaint alleges that the SSP violated ERISA's prohibited transaction rules and that BCBSM breached its fiduciary duties in connection with the SSP.  BCBSM disclosed the SSP to Wesco and Bavarian Inn by the time it implemented the SSP in 2018 (or 2019 for Bavarian Inn according to the Amended Complaint), and to Opus in February 2022.  *See supra* Background § B; Exhibits A–J.  Plaintiffs thus learned about the SSP more than three years before this action was filed and are thus barred by the three-year ERISA statute of limitations.  29 U.S.C. § 1113(2).

The Sixth Circuit's recent decision in *Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross Blue Shield of Michigan* is instructive.  There, the plaintiff allegedly asked BCBSM in 2009 to ensure that it receive Medicare-Like Rate ("MLR") discounts when its claims were processed.  2025 WL 2104569, at *2.  At that time, BCBSM said it could not adjust its entire system to calculate such rates but that it would provide rates close to the MLR by providing a discount for services at a specific hospital.  *Id*.  The plaintiff filed a lawsuit in 2014 asserting, among other things, breach of fiduciary duty claims under ERISA based on

allegations that BCBSM overpaid claims by not taking advantage of the MLR discounts, claiming it did not know the "full extent" of BCBSM's conduct until 2013, after it had a chance to conduct an audit. *Id*.

In affirming dismissal of the ERISA claims as untimely, the Sixth Circuit held that the plaintiff's "own allegations establish that in 2009, it had actual knowledge of Blue Cross's refusal to pursue MLR." *Id*. at *6. Significantly, "[t]hat knowledge forecloses any argument that the [plaintiff] was unaware of [BCBSM's] failure to pursue MLR before 2013." *Id*. In reaching this conclusion, the Sixth Circuit rejected the plaintiff's argument that BCBSM's purported breach was continuing because BCBSM never allegedly offered any assurances it would seek MLR discounts. *Id*. at *6.

Here too, Plaintiffs had "actual knowledge" of all of the relevant facts. Plaintiffs had such knowledge from when BCBSM disclosed the SSP, either in amendments or Schedule As to existing ASCs, or upon first entering the ASC. *See supra* Background § B; Exhibits A–J. Because each disclosure to each Plaintiff occurred more than three years ago, their claims are untimely. At a minimum, SSP recoveries that occurred more than three years ago, such as the specific recoveries

listed in the Amended Complaint at paragraph 129, should be excluded.  *See, e.g.,* Exhibits L–W (monthly Wesco invoices).[7]

### B.     The "Fraud or Concealment" Exception Does Not Apply

Plaintiffs also cannot extend the limitations period by attempting to assert that ERISA's "fraud or concealment" exception applies.  Under that standard, the Amended Complaint must "state with particularity" the omissions or misrepresentations that BCBSM made, including the time, place, and content of any misrepresentations.  *See Cataldo*, 676 F.3d at 551 (citing *Bennett*, 607 F.3d at 1100); *Tiara Yachts, Inc.*, 138 F.4th at 467 (to qualify for fraud or concealment exception to ERISA's statute of limitations a plaintiff "need[s] to adequately plead fraud").  As discussed below, the Amended Complaint does not allege at all— much less with the requisite particularity—how or when BCBSM misrepresented the SSP.

Plaintiffs have also not alleged facts to support that they acted with diligence in identifying any violations—as they must to rely on the "fraud or concealment" exception.  *Cf. Hi-Lex Controls, Inc. v. Blue Cross Blue Shield of Mich.*, 751 F.3d 740, 749 (6th Cir. 2014) ("[A]n ERISA plaintiff's failure to discover a fiduciary

---

[7]     The monthly invoices are incorporated into the Amended Complaint and can be considered by the Court for purposes of the motion to dismiss because Plaintiffs offer four alleged "[e]xample[]" payments.  *See* ECF No. 23, PageID.26 ¶ 129; *supra* note 4.

violation must not have been attributable to a lack of due diligence on his part.").

Nor could they because the SSP was disclosed to each. *See Dublin Eye Assocs. P.C. v. Mass Mut. Life Ins. Co.*, 590 F. App'x 463, 465–66 (6th Cir. 2014) (affirming plaintiff's claim as time barred when "[a] reasonably diligent plaintiff would have discovered the basis" for claims from reviewing received forms).

### C. Plaintiffs' Claims Are Untimely Under ERISA's Six-Year Statute of Repose

At a minimum, the Wesco and Bavarian Inn Plaintiffs' claims related to any alleged payments made before June 9, 2019, or July 28, 2019, respectively, are barred under ERISA's statute of repose because those claims must be—but were not—brought within six years of the alleged breach. 29 U.S.C. § 1113(1); *Intel Corp.*, 589 U.S. at 180. Such claims should be dismissed for this additional reason.

## II. THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT DOES NOT PLEAD BREACHES OF FIDUCIARY DUTY OR PROHIBITED TRANSACTIONS

The Amended Complaint does not come close to meeting the plausibility requirements set forth in *Iqbal* and *Twombly*, much less the heightened pleading requirements of Rule 9(b).

### A. The Allegations Fail to Support a Claim Based on SSP Recoveries

Plaintiffs baselessly claim that BCBSM engaged in prohibited transactions and breached its fiduciary duties through an orchestrated fraud using the SSP.

They allege that BCBSM "[m]ismanag[ed] the Plans and Class plan assets through making or causing to be made improper claim payments (e.g., overpayments) in order to extract excessive fees from the Plans and Class plan assets through its SSP," ECF No. 23, PageID.293 ¶ 182, and "engaged in systematic fraud and/or concealment to further its self-dealing" allegedly by "(1) refusing to provide Plaintiffs with their full set of claims data necessary to understand the SSP and fees BCBSM collected pursuant to the SSP; [(2)] concealing its overpayments upon which SSP fees were based; and (3) misrepresenting the SSP as a 'savings' or 'cost-containment' program, when it actually is the opposite." *See id.* at PageID.281 ¶ 137.

Not one of these conclusory assertions in the Amended Complaint is supported by particularized factual allegations that meet the heightened pleading standard applicable under Rule 9(b). When a complaint sounds in fraud, plaintiffs must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (internal citation omitted). "General allegations that raise the mere possibility of fraud will not do; instead, the complaint must provide the factual predicates necessary to convince [a court] that the underlying fraud in all likelihood occurred." *Greer v. Strange Honey Farm,*

16

*LLC*, 114 F.4th 605, 615 (6th Cir. 2024) (citation modified).  Plaintiffs' allegations lack all of these required details and thus do not satisfy the requirements of Rule 9(b).  Nor do they even satisfy the lesser plausibility standard under *Iqbal* and *Twombly*.

*First*, Plaintiffs' allegations that there were a variety of processing errors that later were the subject of SSP recoveries fail under Rule 9(b) because Plaintiffs at most identify a variety of errors and then speculate that such errors could have occurred with respect to their Plans and further speculate that such errors could have been the basis of one of their SSP recoveries.

For example, the Amended Complaint alleges that "BCBSM's internal claims processing systems for its self-funded plans regularly pay claims that have the following errors, among others:  duplicate bills, unbundled claims, upcoded claims or claims with the incorrect code billed, claims for medically unlikely services, and claims that do not adhere to standard payment guidelines[.]"  ECF No. 23, PageID.271 ¶ 101.  Missing but required under Rule 9(b) are particularized facts tying such alleged errors to the Wesco, Bavarian Inn, or Opus Plans and then to SSP recoveries or payments with respect to the Plans.  Indeed, the SSP applied more broadly than seeking to recover potential overpayments, and also manifestly covered items such as cost avoidance for out-of-network claims and rebate service fees for prescription drugs.  *See, e.g.*, Exhibit I § 12 (Opus Schedule A).

17

Allegations that there were SSP recoveries without tying any—not one—to an alleged processing error of the type identified "generally" in the Amended Complaint are insufficient to establish a breach of fiduciary duty under Rule 8, much less Rule 9(b). *Twombly*, 550 U.S. at 557–58 (something beyond the "mere possibility" of a violation is required to state a claim).

*Second*, not a single particularized factual allegation supports Plaintiffs' speculation that BCBSM "knowingly" misadjudicates claims to increase recoveries under the SSP. ECF No.23, PageID.270 ¶ 95. Instead of pointing to anything BCBSM ever said or did with respect to the SSP, the Amended Complaint points to a litigation expert report filed by Plaintiffs' counsel in a different case, *see id.* at PageID.271 ¶ 100, and speculates that all self-funded plans experienced improper payments, *see id.* at PageID.272-273 ¶¶ 103–04. The report of someone hired by Plaintiffs' counsel as an expert in a different case addressing claims payments for a different plan cannot even substitute for particularized allegations that any improper payments were made with respect to the Plans, much less substitute for particularized allegations that any alleged misadjudication of claims was "knowing."

*Third*, although the Amended Complaint alleges generally that BCBSM "impedes" access to data by rejecting requests for claims data and supposedly refused requests for data made by Wesco, *id*. at PageID.281-280 ¶¶ 135–36, the

18

Amended Complaint does not particularize when Wesco allegedly made a request and for what specific data, and what BCBSM said in response.  The Amended Complaint also is devoid of any allegations that Bavarian Inn or Opus even made a similar request for (unspecified) data like Wesco apparently did on some (unspecified) date.  Rule 9(b) requires such detail.  *See Sanderson*, 447 F.3d at 877 (internal citation omitted) ("Rule 9(b) requires that the plaintiff specify the 'who, what, when, where, and how' of the alleged fraud."); *see also In re Calpine Corp. ERISA Litig.*, No. C 03-1685 SBA, 2005 WL 3288469, at *7 (N.D. Cal. Dec. 5, 2005) (finding allegations of misleading information in press releases "too vague" to satisfy Rule 9(b) when plaintiff failed to identify the misleading statements or allege facts to show why they were false or misleading).

*Fourth*, the assertion in the Amended Complaint that BCBSM somehow "conceal[ed] its overpayments" is entirely conclusory.  ECF No. 23, PageID.281 ¶ 137.  Indeed, under the ASC Plaintiffs received claims data and had a right to request an audit of that data.  *See* Exhibit H at Art. II §§ C–D, G.  And yet, nowhere in the Amended Complaint is there a particularized allegation connecting specific data that allegedly was missing to an explanation for how it precluded Plaintiffs from understanding how *their* claims were being processed.  ECF No. 23. Nor do Plaintiffs allege that they attempted to but were not permitted to exercise their respective audit rights.

19

*Finally*, no particularized allegations support Plaintiffs' claim that BCBSM misrepresented the SSP as a "savings program" when it allegedly was not. Based on the same disclosures made to Plaintiffs, the Sixth Circuit had no trouble concluding that the SSP was not concealed and that a self-funded plan was aware of the program. *See Tiara Yachts, Inc.*, 138 F.4th at 467 (referring to the plaintiff's concession that "BCBSM was up front about collecting 30% of the savings from the SSP and allowed [plaintiff] to challenge or audit claims"). Moreover, as noted above, not a single allegation ties a single SSP recovery to an alleged overpayment. Nor is there any analysis in the Amended Complaint showing that the amount of BCBSM's alleged payments under the SSP exceeded recoveries such that it was not in fact a "savings program" for the Plans.

Accordingly, the Amended Complaint's conclusory prohibited transaction and breach of fiduciary duty allegations related to the SSP fail under *Twombly* and *Iqbal*—and even more so under Rule 9(b). *See*, *e.g.*, *Iqbal*, 556 U.S. at 678 (noting that "the-defendant-unlawfully-harmed-me" allegation is insufficient to plead a claim); *Sanderson*, 447 F.3d at 877–78 (affirming dismissal for failure to comply with Rule 9(b) where allegations in the complaint were "limited to speculation and

20

unsupported conclusion" and lacked "specific information" about the filed claims at issue).

**B.** **The Allegations Fail to State a Claim for Breach of Fiduciary Duty From Processing Errors**

Any claim that BCBSM breached its fiduciary duty cannot be based on alleged processing errors, apart from the SSP, because the Amended Complaint does not include allegations, particularized or not, that there were any such claims processing errors with respect to *Plaintiffs*. Such claims also would fail because the Amended Complaint does not allege facts showing how claims processing errors constitute a breach of fiduciary duty. The fiduciary duty of care "requires prudence, not prescience," *DeBruyne v. Equitable Life Assurance Soc'y. of U.S.*, 920 F.2d 457, 465 (7th Cir. 1990) (internal citation omitted), and merely pointing to processing errors is insufficient to allege a breach of fiduciary duty, *see Senior Lifestyle Corp. v. Key Benefit Adm'rs, Inc.,* No. 1:17-cv-02457, 2020 WL 2039928, at *13 (S.D. Ind. Apr. 28, 2020) ("[T]here is no evidence that KBA acted imprudently when it paid the erroneous claims.").

Moreover, Plaintiffs' vague challenge to the full reimbursement of certain providers at charged rates is the opposite of a breach of fiduciary duty. The ASC permits this practice, which protects individual beneficiaries (patients) from surprise billing. *See supra* Background § D. To be sure, Plaintiff Sponsors pay more when reimbursement is higher, but that is not a breach of fiduciary duty to

21

the Plans or their beneficiaries—the patients—who clearly benefit from this practice.

## III.   THE WESCO PLAINTIFFS' CLAIMS HAVE BEEN RELEASED

A federal district court lacks subject matter jurisdiction over released claims. *Wolschlager v. Law Offices of Mitchell D. Bluhm & Assocs., LLC*, 366 F. Supp. 3d 888, 891–92 (W.D. Mich. 2017) (court dismissed claims for lack of subject matter jurisdiction because named plaintiff settled claims); *see also Pettrey v. Enter. Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009) (a settlement "moots an action" because it means a plaintiff no longer has a "legally cognizable interest in the outcome of the litigation").

The Wesco ASC provided for a mutual release upon the final payment between the parties, and the parties executed releases that apply to "any and all claims that are known, unknown, . . . and owing between the parties and arising under this Contract."  Exhibit B at Art. IV § B.6; *see* Exhibit K.[8]

---

[8]    The Wesco Plaintiffs further assented to the mutual release contained in Exhibit K by accepting the refund of $81,853.  *See* Exhibit X (wire transfer confirmation for final payment).  *Michaelian v. Lawsuit Fin., Inc.,* No. 17-13321, 2019 WL 1281953, at *8 (E.D. Mich. Mar. 20, 2019) ("While a signature ordinarily shows assent, a valid and enforceable agreement can exist without a signature [such that parties] may be bound by the terms of an unsigned contract when their actions demonstrate assent to the agreement.") (internal quotations omitted).

Michigan law governs the scope of the releases. *Dotson v. Arkema, Inc.,* No. 08-CV-13118, 2009 WL 499149, at *4–5 (E.D. Mich. Feb. 26, 2009), *aff'd,* 397 F. App'x 191 (6th Cir. 2010). "Under Michigan law, '[t]he scope of a release is controlled by the language of the release, and where . . . the language is unambiguous, [courts] construe it as written.'" *Taylor v. Visteon Corp.,* 149 F. App'x 422, 424 (6th Cir. 2005) (internal citation omitted); *see also Gortney v. Norfolk & W. Ry. Co.,* 549 N.W.2d 612, 614 (Mich. Ct. App. 1996).

Here, the phrase "any and all" claims used in the releases is broad. *Dresden v. Detroit Macomb Hosp. Corp.*, 553 N.W.2d 387, 390 (Mich. Ct. App. 1996); *see also Ankerman v. Am. Equity Mortg., Inc.,* No. 1:08-CV-1103, 2009 WL 1212820, at *2–3 (W.D. Mich. Apr. 30, 2009) (granting motion to dismiss claims where contract released "any and all claims" arising from the loan documents). The releases apply to the Wesco Plaintiffs' claims—which are based on services under the ASC, *i.e.*, the SSP and related claims processing—and thus necessarily arise under the ASC. *See supra* Background; ECF No. 23, PageID.250-251, 260, 265 ¶¶ 2, 4–5, 54–55, 73.

Because the Wesco Plaintiffs completely and fully released their claims against BCBSM, the Court lacks subject matter jurisdiction and should dismiss the Wesco Plaintiffs' claims. In any event, courts dismiss ERISA claims where, as here, an agreement clearly and unambiguously releases "any and all" claims. *See,*

*e.g.*, *Taylor,* 149 F. App'x at 425, 427 (affirming dismissal of ERISA breach of fiduciary duty claims where plaintiff agreed to waive "any and all rights or claims of any kind" in settlement agreement).[9]

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the Amended Complaint in its entirety, with prejudice.

Dated: April 1, 2026    Respectfully submitted,

         ALLEN OVERY SHEARMAN STERLING US LLP
By: /s/ *Daniel Lewis*
Daniel Lewis (Adm. in W.D. MI, NY Reg. 4084810)
Jeffrey D. Hoschander (Adm. in W.D. MI, NY Reg. 4496337)
599 Lexington Avenue
New York, NY 10022
Telephone: +1.212.848.4000
Facsimile: +1.202.508.8100
daniel.lewis@aoshearman.com
jeff.hoschander@aoshearman.com

Todd M. Stenerson (P51953)
1101 New York Avenue, NW
Washington, DC 20005
Telephone: +1.202.508.8093
Facsimile: +1.202.661.7484
todd.stenerson@aoshearman.com

---

[9] The ASCs and Wesco release are incorporated into the Amended Complaint and can be considered for purposes of this motion to dismiss. *See supra* note 4. The Court also has discretion to consider documents outside the pleadings when evaluating a motion under Rule 12(b)(1). *Rogers*, 798 F.2d at 916.

ZAUSMER, P.C.
By: /s/ *Mark J. Zausmer*
Mark J. Zausmer (P31721)
Michael A. Schwartz (P74361)
Nathan S. Scherbarth (P75647)
Jason M. Schneider (P79296)
32255 Northwestern Hwy., Ste. 225
Farmington Hills, MI 48334
Telephone:  +1.248.851.4111
Facsimile:  +1.248.851.0100
mzausmer@zausmer.com
mschwartz@zausmer.com
nscherbarth@zausmer.com
jschneider@zausmer.com

*Attorneys for Defendant*

25