# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

WESCO, INC., WESCO, INC. CAFETERIA PLAN
AND EMPLOYEE BENEFIT PLAN,
FRANKENMUTH BAVARIAN INN, INC.,
FRANKENMUTH BAVARIAN INN, INC.
EMPLOYEE HEALTH BENEFIT PLAN & TRUST,
OPUS PACKAGING GROUP INC., and OPUS
PACKAGING GROUP HEALTH INSURANCE
PLAN, on behalf of themselves and a class of all
others similarly situated,

          Plaintiffs,

    v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

          Defendant.

Civil Action No.: 1:26-cv-00895

Judge: Hon. Robert J. Jonker

Magistrate Judge: Ray Kent

**Oral Argument Requested**

## DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR <u>FAILURE TO STATE A CLAIM</u>

**<u>TABLE OF CONTENTS</u>**

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ...................................... iv

INTRODUCTION ................................................................................................... 1

ARGUMENT ......................................................................................................... 1

    I.      THE OPPOSITION CONFIRMS THE CLAIMS ARE UNTIMELY .................... 1

    II.     THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR
           FAILURE TO PLEAD WITH PARTICULARITY ................................................ 4

    III.    THE WESCO PLAINTIFFS' CLAIMS HAVE BEEN RELEASED .................... 5

CONCLUSION ..................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arnold v. Paredes*,
714 F. Supp. 3d 962 (M.D. Tenn. 2024) ..................................................................... 6

*Cataldo v. U.S. Steel Corp.*,
676 F.3d 542 (6th Cir. 2012) .................................................................................... 3

*Cunningham v. Cornell Univ.*,
604 U.S. 693 (2025) .................................................................................................. 4

*Dotson v. Arkema, Inc.*,
397 F. App'x 191 (6th Cir. 2010) ............................................................................. 5

*Fleming v. Kellogg Co.*,
No. 23-1966, 2024 WL 4534677 (6th Cir. 2024) ..................................................... 7

*Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross Blue Shield of Mich.*, 146 F.4th 496 (6th Cir. 2025) ................................................................. 1, 2, 3

*Hall v. Small*,
705 N.W.2d 741 (Mich. Ct. App. 2005) ................................................................... 6

*Hawkins v. Cintas Corp.*,
32 F.4th 625 (6th Cir. 2022) ..................................................................................... 6

*Kolominsky v. Root, Inc.*,
100 F.4th 675 (6th Cir. 2024), *cert. dismissed*, 145 S. Ct. 838 (2024) ................... 4

*Oakland Cnty. Emps.' Ret. Sys. v. Sotera Health Co.*,
No. 25-3311, 2026 WL 508962 (6th Cir. Feb. 24, 2026) .......................................... 4

*Parker v. Tenneco, Inc.*,
114 F.4th 786 (6th Cir. 2024), *cert. denied*, 145 S. Ct. 1060 (2025) ...................... 7

*Rosenbaum v. Davis Iron Works*,
871 F.2d 1088, 1989 WL 36897 (6th Cir. 1989) ...................................................... 6

*Sanderson v. HCA-The Healthcare Co.*,
447 F.3d 873 (6th Cir. 2006) .................................................................................... 5

*Schuman v. Microchip Tech. Inc.*,
139 F.4th 1045 (9th Cir. 2025), *cert. denied*, No. 25-514, 2026 WL 79769
(2026) ......................................................................................................................... 5

*Taylor v. Visteon Corp.*,
    149 F. App'x 422 (6th Cir. 2005)......................................................................................6, 7

*Tiara Yachts, Inc. v. Blue Cross Blue Shield of Mich.*,
    138 F.4th 457 (6th Cir. 2025)...................................................................................3, 4, 5

*Wright v. Heyne*,
    349 F.3d 321 (6th Cir. 2003).............................................................................................2

## Other Authorities

Fed. R. Civ. P. 9 ...............................................................................................................5

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross Blue Shield of Mich.*, 146 F.4th 496 (6th Cir. 2025)

*Taylor v. Visteon Corp.,* 149 F. App'x 422 (6th Cir. 2005)

**INTRODUCTION**

Plaintiffs' Response to BCBSM's Motion to Dismiss, ECF No. 43 ("Opposition"), [1] confirms that the Amended Complaint should be dismissed. Plaintiffs concede that BCBSM disclosed the SSP more than three years before they filed this case. That should end the matter.

Nevertheless, Plaintiffs advance the futile argument that their claims are timely because they supposedly did not learn until 2025 that SSP fees were allegedly collected from Plan assets. But the Amended Complaint itself contradicts that argument, which depends on generalized allegations sounding in fraud that are not pled with the particularity Rule 9(b) requires. Nor do those allegations even bear on the alleged ERISA violation Plaintiffs now contend makes their claims timely.

For these reasons and others discussed below and in the Motion, the Amended Complaint should be dismissed in its entirety and with prejudice.

**ARGUMENT**

**I. THE OPPOSITION CONFIRMS THE CLAIMS ARE UNTIMELY**

The Amended Complaint shows that Plaintiffs had "knowledge of the facts or transaction that constituted the alleged violation" more than three years before the claims were asserted. *Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross Blue Shield of Mich.*, 146 F.4th 496, 508 (6th Cir. 2025) (internal quotations omitted).

Plaintiffs' Opposition does not show otherwise. To the contrary, it reconfirms that Plaintiffs' own pleadings show Plaintiffs knew about the SSP and the facts on which they base

---

[1]    Capitalized terms have the meanings set forth in Defendant's Brief In Support Of Its Motion to Dismiss (ECF No. 40) ("Motion"). Solely for purposes of its Motion, BCBSM cites to and relies on the allegations in the Amended Complaint. BCBSM does not concede the accuracy, and specifically reserves its rights to contest the truth, of any such allegations.

1

their claims more than three years prior to the commencement of this litigation. Plaintiffs contend that BCBSM committed a "*per se*" ERISA violation "by paying itself SSP fees from Plan assets." ECF No. 43, PageID.225. And Plaintiffs do not—and cannot—deny that BCBSM disclosed the SSP to Wesco in 2018, to Bavarian Inn by at least 2019, and to Opus in February 2022. *See* ECF No. 40, PageID.30.[2] Nor can they deny that the ASCs, as of those dates, stated that, under the SSP, BCBSM will "retain as administrative compensation [a percent] of the recoveries or cost avoidance." ECF No. 40-4, PageID.84; ECF No. 40-7, PageID.101; ECF No. 40-10, PageID.150. According to Plaintiffs' Amended Complaint itself, these SSP recoveries necessarily came from Plan assets. *See* ECF No. 23, PageID.262 ¶¶ 62–63.

If the SSP was a *per se* violation of ERISA because it resulted in BCBSM "paying itself SSP fees from Plan assets"—as Plaintiffs contend—then the ***Amended Complaint itself*** and its incorporated documents establish that Plaintiffs knew the facts about the SSP necessary to plead that claim more than three years ago. *See Grand Traverse*, 146 F.4th at 509; *see also Wright v. Heyne*, 349 F.3d 321, 331 (6th Cir. 2003) (requiring "only the plaintiff's actual knowledge of the underlying conduct giving rise to the alleged violation").

Indeed, the conduct Plaintiffs claim to have not discovered until 2025 is irrelevant to the claimed ERISA violation. ECF No. 43, PageID.232-233. For example, Plaintiffs assert they were missing "what the providers' true charges were, what BCBSM's payment rates were, how they

---

[2]      BCBSM has not improperly "cherry-pick[ed] provisions" of the parties' agreements to raise dismissal arguments. ECF No. 43, PageID.225 n.1. Rather, the Motion's exhibits—governing plan documents and invoices—are all referred to in the Amended Complaint and therefore incorporated by reference and properly considered on a motion to dismiss. *See* ECF No. 40, PageID.22-23, 25, 32.

compared, or what BCBSM kept for itself." *Id.*, PageID.233. That information corresponds to specific provider charges, *not the accounts from which SSP fees were taken. Id.*

In *Grand Traverse*, the Sixth Circuit rejected the same argument Plaintiffs make here: that the existence of more than one non-discounted payment extended ERISA's statutes of limitation or repose. 146 F.4th at 509 (confirming that the limitations period began when BCBSM disclosed the allegedly breaching approach to claims payment despite the continuation over several years). The same is true here. Plaintiffs' claims are time-barred.

In any event, Plaintiffs do not dispute that the Wesco and Bavarian Inn claims related to alleged payments made before June 9 and July 28, 2019 are barred under ERISA's statute of repose.

Further, Plaintiffs have not alleged particularized facts to support applying the fraud or concealment exception. *See* ECF No. 40, PageID.32-33; *see also Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 551 (6th Cir. 2012); *Tiara Yachts, Inc. v. Blue Cross Blue Shield of Mich.*, 138 F.4th 457, 467 (6th Cir. 2025) (the exception requires a plaintiff to "adequately plead fraud"). While Plaintiffs emphasize that, at an unidentified time, Wesco requested claims data, ECF No. 43, PageID.236 (citing ECF No. 23, PageID.280 ¶¶ 134–36), that neither meets Rule 9(b)'s requirements nor concerns their claimed *per se* ERISA violation. And the Amended Complaint and incorporated documents establish that Plaintiffs had actual knowledge, which undoes their concealment claims.

Tellingly, Plaintiffs resort to claiming that statutes of limitations arguments are "inappropriate" for motions to dismiss. This ignores that the Amended Complaint and incorporated documents establish that Plaintiffs had actual knowledge, rendering their claims ripe for dismissal. *See Grand Traverse*, 146 F.4th at 508–09; *Cataldo*, 676 F.3d at 547 (recognizing dismissal as appropriate if "allegations in the complaint affirmatively show that the claim is time-barred").

## II. THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO PLEAD WITH PARTICULARITY

The Opposition refuses to address the Amended Complaint's failure to satisfy Rule 9(b)'s demanding pleading requirements, contending without support that Rule 9(b) does not apply. ECF No. 43, PageID.237-238. That is wrong.

It is well-settled that Rule 9(b) applies "to claims that sound in fraud"—even to claims for which fraud is not an element. *Kolominsky v. Root, Inc.*, 100 F.4th 675, 683 (6th Cir. 2024), *cert. dismissed*, 145 S. Ct. 838 (Mem.) (2024). Plaintiffs argue that the Supreme Court somehow rejected the application of Rule 9(b) to prohibited transaction claims under ERISA in *Cunningham v. Cornell University*, 604 U.S. 693 (2025). But the claims in *Cunningham* did not sound in fraud and the decision had nothing to do with the application of Rule 9(b). Plaintiffs' contention to the contrary is false. In any event, the Sixth Circuit regularly holds that Rule 9(b) applies even when underlying claims otherwise do not require particularized pleading if a plaintiff alleges fraudulent conduct, as the Amended Complaint does in this case. *See, e.g.*, *Oakland Cnty. Emps.' Ret. Sys. v. Sotera Health Co.*, No. 25-3311, 2026 WL 508962, at *8 (6th Cir. Feb. 24, 2026) (affirming dismissal of Securities Act claims, which typically sound in negligence, for failure to satisfy Rule 9(b)'s pleading standard because complaint alleged fraudulent conduct).

Plaintiffs also falsely point to the *Tiara Yachts* case to argue that they do not need to satisfy Rule 9(b). *See* ECF No. 43, PageID.237-238. But unlike the complaint in *Tiara Yachts*, allegations of fraudulent conduct pervade the Amended Complaint. *Compare Tiara Yachts*, 138 F.4th at 467 (noting that "the complaint does not, for instance, allege that BCBSM lied about how much it would pay itself under the SSP or concealed the claims it was overpaying in the first place")*, with* ECF No. 23, PageID.281, 294 ¶¶ 137, 182 (alleging that BCBSM "conceal[ed] its overpayments upon which SSP fees were based," "misrepresent[ed] the SSP," "engaged in systematic fraud," and

"engag[ed] in a pattern of conduct designed to mislead, confuse, deceive, and otherwise trick'"); *see also* ECF No. 40, PageID.28, 33-39.

In fact, in *Tiara Yachts* itself, the Sixth Circuit expressly reiterated: "We have also held that a plaintiff's claim need not contain fraud as an element to 'sound in fraud,'" and "Rule 9(b) provides that if a plaintiff's claim sounds in fraud, they must 'state with particularity the circumstances constituting fraud or mistake.'" 138 F.4th at 467 (quoting Fed. R. Civ. P. 9(b)).

Rule 9(b) plainly applies here—because the Amended Complaint indisputably "sounds in fraud." *See* ECF No. 23, PageID.281, 294 ¶¶ 137, 182 (alleging that BCBSM "conceal[ed] its overpayments upon which SSP fees were based," "misrepresent[ed] the SSP," "engaged in systematic fraud," and "engag[ed] in a pattern of conduct designed to mislead, confuse, deceive, and otherwise trick"). Thus, the litany of pleading failures highlighted in the Motion mandates dismissal. *See Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 879 (6th Cir. 2006) (affirming dismissal of complaint for failing to comply with Rule 9(b)).

## III. THE WESCO PLAINTIFFS' CLAIMS HAVE BEEN RELEASED

The Wesco Plaintiffs' claims were validly released, and their arguments to the contrary are unavailing.

*First*, the Sixth Circuit does not require courts to apply "special scrutiny" to the consideration of whether a release applies to fiduciary duty claims under ERISA. *See* ECF No. 43, PageID.243; *see, e.g.*, *Dotson v. Arkema, Inc.*, 397 F. App'x 191, 193–94 (6th Cir. 2010) (affirming, without applying any special scrutiny, lower court decision that release barred ERISA breach of fiduciary duty claim). The Ninth Circuit case cited by Plaintiffs does not suggest otherwise. *Schuman v. Microchip Tech. Inc.*, 139 F.4th 1045, 1052–53 (9th Cir. 2025) (referring to decisions in other Circuits but not the Sixth Circuit), *cert. denied*, No. 25-514, 2026 WL 79769 (Mem.) (2026).

5

*Second*, even if such scrutiny applied, the release plainly extends to the Wesco Plaintiffs' ERISA claims because it covers "any and all claims . . . arising under" the ASC. ECF No. 40-3, PageID.76. The Sixth Circuit has found that similar release language extends to ERISA claims. *See Taylor v. Visteon Corp.*, 149 F. App'x 422, 423, 425–27 (6th Cir. 2005) (release of "any and all rights or claims" includes ERISA claims).

*Third*, the Wesco Plaintiffs' argument that the release lacks consideration is implausible. While the final refund payment was the trigger, the release was mutual and part of an extensive contract with obligations on both sides. *See Hall v. Small*, 705 N.W.2d 741, 744 (Mich. Ct. App. 2005) ("[W]hatever consideration is paid for all of the promises [in a contract] is consideration for each one.") (internal quotations omitted).

*Fourth*, the release extends to Wesco's derivative claims because Wesco was the Plan's sponsor. Plaintiffs' cited cases are inapt because they concern derivative claims brought by *individual plan participants, not plan sponsors. See, e.g.*, *Hawkins v. Cintas Corp.*, 32 F.4th 625, 635 (6th Cir. 2022) (employment agreements' arbitration provisions excluded derivative claims); *Arnold v. Paredes*, 714 F. Supp. 3d 962, 974 (M.D. Tenn. 2024) (similar). The contention that a Plan sponsor cannot release claims of the Plan would lead to the absurd result that Plans could never resolve claims—and is baseless.

*Fifth*, 29 U.S.C. § 1110(a) does not nullify the release, which only settled disputes against BCBSM that accrued at the time of the final payment—*i.e.*, past claims. *See Taylor*, 149 F. App'x at 427 ("a release of past breach-of-fiduciary-duty claims does not appear to implicate § 1110(a)"). Because the release only came into effect after Wesco terminated its ASC, it cannot violate Section 1110(a). *See Rosenbaum v. Davis Iron Works*, 871 F.2d 1088, 1989 WL 36897, at *3–5 (6th Cir. 1989) (applying release to ERISA overpayment dispute); *Taylor*, 149 F. App'x at 426–27.

*Finally*, enforcing the release does not violate the "effective vindication" doctrine, which is generally limited to arbitration clauses restricting individuals from pursuing statutory remedies, as in Plaintiffs' cited caselaw. *See Parker v. Tenneco, Inc.*, 114 F.4th 786, 789, 792–93 (6th Cir. 2024), *cert. denied*, 145 S. Ct. 1060 (Mem.) (2025); *Fleming v. Kellogg Co.*, No. 23-1966, 2024 WL 4534677, at *1, *4 (6th Cir. 2024). Plaintiffs' formulation would prevent parties from ever agreeing to release statutory claims, but enforcing the release would promote public policy favoring non-judicial resolutions. *See Taylor*, 149 F. App'x at 427.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Amended Complaint in its entirety, with prejudice.

Dated: May 7, 2026

ZAUSMER, P.C.

By: s/ *Mark J. Zausmer*
Mark J. Zausmer (P31721)
Michael A. Schwartz (P74361)
Nathan S. Scherbarth (P75647)
Jason M. Schneider (P79296)
32255 Northwestern Hwy., Ste. 225
Farmington Hills, MI 48334
Telephone:  +1.248.851.4111
Facsimile:  +1.248.851.0100
mzausmer@zausmer.com
mschwartz@zausmer.com
nscherbarth@zausmer.com
jschneider@zausmer.com

*Attorneys for Defendant*

Respectfully submitted,

ALLEN OVERY SHEARMAN
STERLING US LLP

By: s/ *Daniel Lewis*
Daniel Lewis (Adm. in W.D. MI,
NY Reg. 4084810)
Jeffrey D. Hoschander (Adm. in W.D. MI,
NY Reg. 4496337)
599 Lexington Avenue
New York, NY  10022
Telephone:  +1.212.848.4000
Facsimile:   +1.202.508.8100
daniel.lewis@aoshearman.com
jeff.hoschander@aoshearman.com

Todd M. Stenerson (P51953)
1101 New York Avenue, NW
Washington, DC 20005
Telephone:  +1.202.508.8093
Facsimile:  +1.202.661.7484
todd.stenerson@aoshearman.com